IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-853-D

| | | |
|---|---|---|
| ANTONIO HARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On December 2, 2015, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 33]. In that M&R, Judge Gates recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 28], grant defendant's motion for judgment on the pleadings [D.E. 30], and affirm defendant's final decision. On December 16, 2015, plaintiff filed objections to the M&R [D.E. 34]. On December 24, 2015, defendant responded [D.E. 35].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Gates concerning the ALJ's analysis of listing 12.05C concerning plaintiff's intellectual and adaptive functioning and the subsequent RFC analysis. See [D.E. 34]. However, both Judge Gates and the ALJ applied the proper legal standards. Moreover, substantial evidence supports the ALJ's analysis. See [D.E. 33] 4–5, 8–18. Accordingly, the court adopts the M&R and overrules the objections.

In sum, plaintiff's objections to the M&R [D.E. 34] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 28] is DENIED, defendant's motion for judgment on the pleadings [D.E. 30] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 10 day of January 2016.

                                               JAMES C. DEVER III
                                               Chief United States District Judge